JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| IAN LaMONTE CORMIER,<br><br>Plaintiff,<br><br>v.<br><br>RIVERSIDE COUNTY DISTRICT ATTORNEY'S OFFICE, *et al.*,<br><br>Defendants. | Case No. 5:19-cv-01151-SVW (AFM)<br><br>**ORDER RE DISMISSAL (FAILURE TO PAY THE FILING FEE)** |

Plaintiff, a state prisoner presently held at Patton State Hospital, lodged for filing a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on June 21, 2019, while he was being held at the Robert Presley Detention Center ("RPDC") in Riverside, California. (ECF No. 1 at 1.)

A review of past civil actions filed by plaintiff in this Court, other District Courts in the Southern and Northern Districts of California, and in the Ninth Circuit Court of Appeals reflects that plaintiff is subject to the provisions of 28 U.S.C. §1915(g). Pursuant to §1915(g), a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding" without prepayment of the filing fee "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g). Such dismissal is deemed a "strike."

The Ninth Circuit has held that the phrase "fails to state a claim on which relief may be granted" as used in §1915, parallels the language of Fed. R. Civ. P. 12(b)(6) and carries the same interpretation; that the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact"; and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (explaining the terms used in §1915(g)); *see also Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (defining when a case is frivolous, malicious, or duplicative). In addition, the Ninth Circuit has held that the prior denial of *in forma pauperis* ("IFP") status on the basis of frivolity or failure to state a claim constitutes a strike for purposes of §1915(g). *See O'Neal v. Price*, 531 F.3d 1146, 1153-54 (9th Cir. 2008) (also stating that a dismissal without prejudice may count as a strike). Further, a dismissal may constitute a strike for failure to state a claim if it is obvious from the face of the pleading that the claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and the entire action is dismissed for a reason that qualifies as a strike under §1915(g). *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016) (holding that "a dismissal may constitute a PLRA strike . . . when *Heck*'s bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA"). Further, appellate affirmances do not count as strikes when the appeal affirms the decision of the district court, but an appeal will count as a separate strike if the appellate court "expressly states that the appeal itself was frivolous, malicious or failed to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1045-46 (9th Cir. 2016).

Once plaintiff has accumulated three strikes, he is prohibited from pursuing

any subsequent civil action without prepayment of the filing fee, unless he makes a showing that he faced "imminent danger of serious physical injury" based on the "circumstances at the time of the filing of the complaint." *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53, 1056-57 (9th Cir. 2007).

Finally, the Ninth Circuit has held that, pursuant to the language of the statute and other relevant definitions of "prisoner," "a court may screen a complaint pursuant to 28 U.S.C. §1915A only if, at the time the plaintiff files the complaint, he is 'incarcerated or detained in any facility [because he] is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.'" *Olivas v. Nev. ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (alteration in original). This definition of "prisoner" applies to §1915. *See Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000).

In light of the foregoing standards, the Court takes judicial notice of the following prior civil actions filed by plaintiff in the District Courts of California or in the Ninth Circuit Court of Appeal that qualify as strikes for purposes of §1915(g). *See* Fed. R. Evid. 201(b)(2), (c)(1):

(1) *Cormier v. Liggins*, Case No. CV 01-0364-K (LSP), in the Southern District of California, in which the case was dismissed on May 8, 2001, for failure to state a claim and as barred by *Heck*. (No. 01-0364, ECF No. 2 at 4-7; No. 3.) The district court also found in *Liggins* that plaintiff already had three prior strikes within the meaning of §1915(g). (No. 01-0364, ECF No. 2 at 4.) On Appeal, in Case No. 01-55857, the Ninth Circuit affirmed the district court's dismissal in *Liggins*. (No. 01-0364, ECF Nos. 15-16.) The *Liggins* case, as well as the three earlier cases cited in that case (*see* below), all count as separate strikes, constituting four prior strikes.

    a. *Cormier v. People of the State of California*, Case No. CV 00-0249-L (RBB), in the Southern District of California, in which the case

was dismissed on March 21, 2000, for failure to state a claim and as barred by *Heck*. The district court indicated that the dismissal may be considered as a strike. (No. 00-0249, ECF No. 7 at 10-11, No. 8.) The district court's decision was affirmed on appeal. (No. 00-0249, ECF No. 18.)

    b. *Cormier v. Manny*, Case No. CV 00-0025-W (CGA), in the Southern District of California, in which the case was dismissed on May 1, 2000, for failure to state a claim. Further, the district court indicated that the dismissal may count as a strike. (No. 00-0025, ECF No. 16.)

    c. *Cormier v. California*, Case No. CV 00-0004-L (RBB), in the Southern District of California, in which the case was dismissed on May 11, 2000, for failure to state a claim and as barred by *Heck*. (No. 00-0004, ECF No. 14 at 7-8, No. 15.)

(2) *Cormier v. Suter*, Case No. EDCV 11-0801-UA (MLG), in the Central District of California, in which plaintiff's IFP Request was denied and the case dismissed as frivolous on June 3, 2011. (No. 11-0801, ECF No. 2.) In addition, the Ninth Circuit affirmed the district court's dismissal and found that plaintiff's appeal was frivolous. (No. 11-0801, ECF Nos. 9, 12.)

(3) *Cormier v. Siegler*, Case No. CV 11-4907-ABC (MLG), in the Central District of California, in which, on July 22, 2011, plaintiff's IFP Request was denied as frivolous, malicious, or fails to state a claim, and the District Judge indicated that the dismissal may count as a strike. (No. 11-4907, ECF No. 4 at 1). On Appeal, the Ninth Circuit affirmed the district court and found that the appeal was frivolous. (*See* No. 11-4907, ECF Nos. 10, 16; 530 Fed. Appx. 624 (9th Cir. 2013).)

Because plaintiff had already accumulated significantly more than three strikes (at least six) before he initiated this action, plaintiff is precluded from proceeding IFP herein unless and until he can show that, at the time this action was initiated, he was

"under imminent danger of serious physical injury." 28 U.S.C. §1915(g). The availability of the "imminent danger" exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *See Andrews*, 493 F.3d at 1053 (emphasis added). Further, plaintiff "bears the ultimate burden of persuading the court that §1915(g) does not preclude IFP status." *Richey v. Dahne*, 807 F.3d 1202, 1206 (9th Cir. 2015). Here, plaintiff was detained at the RPDC at the time that he initiated this action, but plaintiff does not name as defendants any officials at the RPDC in this case. Nor does the Complaint in this action raise allegations concerning the conditions that plaintiff faced at the RPDC at the time that he filed the Complaint. Accordingly, nothing in the factual allegations in the Complaint raises a reasonable inference that plaintiff faced "imminent danger of serious physical injury" at the time that he initiated this action. 28 U.S.C. §1915(g).

On August 8, 2019, plaintiff was ordered to pay the filing fee in this action or show cause in writing why he should not be denied leave to proceed IFP and why this action should not be dismissed pursuant to 28 U.S.C. §1915(g), no later than August 23, 2019. Plaintiff was admonished that failure to comply with this Order will be deemed by the Court as plaintiff's consent to the dismissal of this action. On September 3, 2019, plaintiff submitted his debit card information for payment of the filing fee. On September 10, 2019, plaintiff was advised that the Court accepts only cashier's checks, certified bank checks, business or corporate checks, government issued checks, or money orders drawn on a major American bank or the United States Postal Service. Plaintiff's deadline for payment was extended to October 1, 2019. A review of the docket as of the date of this Order indicates that the filing fee has not been paid by plaintiff.

In addition, plaintiff's September 3 response claims that Riverside County Deputy Sheriff Ibarra placed an edible item on his dinner tray on Easter, which prompted severe diarrhea. The Complaint alleges that plaintiff's interactions with

5

Deputy Ibarra took place at Moreno Valley Community Hospital. At the time he filed the Complaint, however, plaintiff was being held at the RPDC, and he does not name as defendants any officials at that facility. Moreover, the alleged events on Easter were months before the filing of the Complaint on June 21, 2019. Thus, plaintiff's allegations do not give rise to a showing of an "imminent danger of serious physical injury" at the time the Complaint was filed.

Accordingly, this case is hereby dismissed without prejudice due to plaintiff's failure to pay the filing fee.

IT IS SO ORDERED.

DATED: October 17, 2019

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE